IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERI GAIL DURHAM, INDIVIDUALLY AND AS NEXT FRIEND OF JESSICA HALEY DURHAM AND MARISA UMA LAMA DURHAM, BOTH MINORS, AND AS ADMINISTRATOR OF THE ESTATE OF MARK ALLEN DURHAM, DECEASED,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTY OF MAUI, ET AL.,<br><br>        Defendants.<br>_____ | CV NO 08-00342 JMS-LEK |

**ORDER DENYING THE ESTATE OF MARK ALLEN DURHAM'S
MOTION FOR RECONSIDERATION**

On May 29, 2009, this Court filed its Findings and Recommendation to Deny the Estate of Mark Allen Durham's Petition for Finding of Good Faith Settlements ("F&R"). On June 5, 2009, the Estate of Mark Allen Durham ("Estate") filed the instant motion for reconsideration of the F&R ("Motion for Reconsideration"). The County of Maui ("the County") filed its memorandum in opposition on June 16, 2009. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the relevant legal

authority, the Estate's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The facts of this case and the procedural background of the Estate's Petition for Finding of Good Faith Settlements, filed March 11, 2009 ("Petition"), are set forth in the F&R. In the F&R, this Court stated that it could not find that the settlements in the Texas actions brought by Jessica Haley Durham and Marisa Uma Lama Durham against the Estate were made in good faith under the totality of the circumstances. In considering the factors set forth in Troyer v. Adams, 102 Haw. 399, 425, 77 P.3d 83, 109 (2003), this Court found, *inter alia*, that the circumstances of the Texas actions and the settlements reached therein were conducive to collusion and injury to the interests of the non-settling tortfeasors.

In the instant Motion for Reconsideration, the Estate argues that the Court should reconsider the F&R because the parties opposing the Petition had the burden of proving that the settlements were not reached in good faith and that they also had the burden to prove actual collusion. The Estate argues that there was no evidence of collusion or other inappropriate activity in the settlement, and therefore the opposing parties did not meet their burden of proof.

In its memorandum in opposition, the County argues that

the Court should deny the Motion for Reconsideration because it merely reiterates an argument that the Estate raised in its April 3, 2009 reply in support of the Petition, *i.e.* that the opposing parties failed to meet their burden of proof.  Even if the Court considers the merits of the Motion for Reconsideration, the Court should deny the motion.  Troyer does not require a court reviewing a petition for determination of good faith settlement to find actual collusion.  The reviewing court need only consider whether the circumstances of the settlement were conducive to collusion.  The County contends that the Estate merely disagrees with the F&R and that is not grounds for reconsideration.

## DISCUSSION

Courts recognize three grounds for granting a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.  The Estate apparently argues that this Court committed clear error because the F&R did not recognize that the opposing parties had the burden of proving that the settlements were in bad faith and because there was no evidence of collusion.

The Estate is correct that the parties opposing the Petition had the burden to prove a lack of good faith.  See Haw. Rev. Stat. § 663-15.5(b) ("A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.").  Although the F&R did not refer to this portion of the statute, reconsideration is not warranted because nothing in the F&R is to the contrary.

The Estate, however, is incorrect in its assertion that the opposing parties had to prove actual collusion.  Troyer requires a court reviewing a petition for determination of good faith settlement to consider, as one of several factors, "the relationship among the parties [to the settlement] and whether it is conducive to collusion or wrongful conduct[.]"  102 Haw. at 427, 77 P.3d at 111.  This Court properly considered that factor and found that the relationship of the parties in the Texas actions and the circumstances of the settlements were conducive to collusion.

The Estate has not identified any clear error in the F&R, nor has the Estate identified any other basis for reconsideration of the F&R.

## CONCLUSION

On the basis of the foregoing, the Estate's June 5, 2009 Motion for Reconsideration of the Court's Findings and Recommendation to Deny the Estate of Mark Allen Durham's Petition

for Finding of Good Faith Settlements Dated May 29, 2009 is HEREBY DENIED.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, June 18, 2009.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States Magistrate Judge

**SHERI GAIL DURHAM, ETC. V. COUNTY OF MAUI, ET AL; CIVIL NO. 08-00342 JMS-LEK; ORDER DENYING THE ESTATE OF MARK ALLEN DURHAM'S MOTION FOR RECONSIDERATION**