IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERI GAIL DURHAM, INDIVIDUALLY AND AS NEXT OF FRIEND OF MARISA UMA LAMA DURHAM, MINOR ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF MAUI, ET AL. <br><br> Defendants. <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIV. NO. 08-00342 JMS/LEK <br><br> ORDER ADOPTING MAGISTRATE JUDGE KOBAYASHI'S FINDINGS AND RECOMMENDATION TO DENY THE ESTATE OF MARK ALLEN DURHAM'S PETITION FOR FINDING OF GOOD FAITH SETTLEMENTS |

## ORDER ADOPTING MAGISTRATE JUDGE KOBAYASHI'S FINDINGS AND RECOMMENDATION TO DENY THE ESTATE OF MARK ALLEN DURHAM'S PETITION FOR FINDING OF GOOD FAITH SETTLEMENTS

### I. INTRODUCTION

On May 29, 2009, Magistrate Judge Leslie E. Kobayashi filed her Findings and Recommendation to Deny the Estate of Mark Allen Durham's (the "Estate") Petition for Finding of Good Faith Settlements ("May 29 F&R"), and subsequently denied the Estate's Motion for Reconsideration of the May 29 F&R on June 18, 2009. On June 29, 2009, the Estate filed its Objections to the May 29 F&R. Based on the following, the court ADOPTS the May 29 F&R.

## II. **BACKGROUND**

On July 26, 2006, Mark Durham was driving a car that he had rented from Maui Windsurfing Vans, Inc. ("Maui Windsurfing"), when he ran a stop sign and collided with a vehicle driven by Patty Conte ("Conte"). At the time of the collision, Mark Durham was under the influence of marijuana. Mark Durham suffered fatal injuries and his daughters Jessica and Marisa, who were both passengers, were also injured.

On July 24, 2008, Plaintiffs Sheri Gail Durham ("Sheri Durham"), individually and as next friend of Jessica and Marisa and as the Administrator of the Estate, filed this lawsuit alleging claims against County of Maui for roadway defects, Ford Motor Company and Maui Windsurfing for product liability, Byron Izuka, M.D., Byron Izuka, M.D., LLC, Hawaii Pacific Health, and Kapiolani Medical Center for Women & Children for medical malpractice, and Conte for negligence. Neither Jessica nor Marisa filed any claims against the Estate, but Defendants filed counterclaims against the Estate seeking contribution in the event Defendants are found liable to Jessica or Marisa.[1]

Rather than file claims against the Estate, Jessica and Marisa reached

---

[1] On December 25, 2008, Jessica passed away and the court subsequently substituted Plaintiff Denise Ann Jenkins as the Administrator of Jessica's estate in place of Sheri Durham, as next friend of Jessica. Denise Ann Jenkins is now also the Administrator of the Estate.

settlement agreements releasing the Estate and insurers from all claims.[2] Because Jessica and Marisa are minors, Sheri Durham filed "friendly suits" on their behalf in Texas and the court appointed guardian ad litems to protect their interests. The Texas court approved Jessica's settlement on June 16, 2008 and Marisa's settlement on November 3, 2008. Jessica's claims were settled for $60,000, representing the $40,000 policy limit from Mark Durham's auto insurance and the $20,000 policy limit from the insurance on the rented vehicle, while Marisa's claims were settled for the $40,000 policy limit from Mark Durham's auto insurance. The Estate's Petition for Finding of Good Faith Settlements followed on March 11, 2009.

### III. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de

---

[2] The parties are apparently disputing in the Texas court action whether Jessica's agreement also released Maui Windsurfing.

novo *if objection is made*, but not otherwise."). Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## IV.  DISCUSSION

Pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5(a), a good faith settlement (1) discharges the settling party of liability for contribution to joint tortfeasors, and (2) reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater[.]" A determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity. *See* HRS § 663-15.5(d).

In *Troyer v. Adams*, 102 Haw. 399, 77 P.3d 83 (2003), the Hawaii Supreme Court adopted a "totality of the circumstances" approach for determining

whether a settlement was made in good faith under HRS § 663-15.5.  In adopting this analysis, the Hawaii Supreme Court recognized that HRS § 663-15.5 is intended to encourage settlements and "merely provide[s] the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor." *Id*. at 426, 77 P.3d at 110.  In determining whether parties have entered into a good faith settlement, the court may consider the following nonexclusive factors:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Id*. at 427, 77 P.3d at 111.  The non-settling defendant opposing the motion has the burden of proof that the settlement agreement was not reached in good faith.  HRS § 663-15.5(b).

Magistrate Judge Kobayashi reviewed each of these factors, and found

that the second, third, fifth, eighth, and ninth factors weigh against a finding of good faith settlement, the sixth and seventh factors are neutral, and the first and third factors weigh in favor of a good faith settlement. Weighing all these factors, Magistrate Judge Kobayashi concluded that she could not find that the settlements were made in good faith. May 29 F&R 20. Of these factors considered by Magistrate Judge Kobayashi, the Estate objects only to the determination that the circumstances of the settlements were conducive to collusion and injury to the interests of the non-settling tortfeasors.[3] Estate Obj. 3. Specifically, the Estate argues that Defendants did not carry their burden because Magistrate Judge Kobayashi found no actual collusion and instead only found that the circumstances were conducive to collusion. Based upon a de novo review, the court finds no error.

The court finds that the circumstances of the settlements were conducive to collusion and injury to the interests of the non-settling tortfeasors. Sheri Durham brought the Texas "friendly suits" on behalf of her daughters and against the Estate, even though Jessica's and Marisa's recoveries from the Estate

---

[3] In its Response to the Estate's Objections to the May 29 F&R, the County argues that HRS § 663-15.5 does not apply to the settlements because they are governed by Texas law. *See* County Response 5-6. Because the court finds that Magistrate Judge Kobayashi properly weighed the *Troyer* factors, the court does not address this alternative argument raised by the County.

could have decreased her share in the Estate and even though she was the administrator of the Estate and was representing the Estate in this action. Further, Sheri Durham brought these Texas actions without any notice to Defendants. While the court recognizes that Jessica and Marisa were appointed guardian ad litems in the Texas actions, these circumstances -- *i.e.*, the close familial relationships between the Estate, Jessica, Marisa, and Sheri Durham, the various, potentially conflicting roles Sheri Durham had in both the settlement and this litigation, and the lack of disclosure of the settlements to Defendants -- are certainly conducive to collusion. Considering this factor, along with the other factors that Magistrate Judge Kobayashi found weigh against a finding of good faith settlement,[4] the court finds that Defendants carried their burden in proving that the settlement was not reached in good faith.

In its Objections, the Estate argues that Defendants must prove actual collusion to carry their burden in showing lack of a good faith settlement. *See* Estate Obj. 4-5. Defendants cite to *Whirlpool Corp. v. CIT Group/Business Credit, Inc.*, 293 F. Supp. 2d 1144 (2003), as holding that the party opposing the petition must show "actual collusion and that the settlement was not made in good faith,"

---

[4] Because Plaintiffs object only to Magistrate Judge Kobayashi's determination of whether the circumstances are conducive to collusion, the court does not address the findings on the other factors.

*see* Estate Obj. 4, but *Whirlpool Corp.* simply applies the *Troyer* standard requiring the court to consider, among the various other factors, "the relationship of the parties and whether it is *conducive* to collusion or wrongful conduct." 293 F. Supp. 2d at 1155 n.13 (emphasis added). Accordingly, the court finds that application of the *Troyer* factors supports that the settlements were not made in good faith.

## V. CONCLUSION

Based on the above, the court ADOPTS Magistrate Judge Kobayashi's Findings and Recommendation to Deny the Estate of Mark Allen Durham's Petition for Finding of Good Faith Settlements.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 15, 2009.



　　　　　　　　　　　　　　　　　　/s/ J. Michael Seabright
　　　　　　　　　　　　　　　　　　J. Michael Seabright
　　　　　　　　　　　　　　　　　　United States District Judge

*Durham et al. v. County of Maui et al.*, Civ. No. 08-00342 JMS/LEK, Order Affirming Magistrate Judge Kobayashi's Findings and Recommendation to Deny the Estate of Mark Allen Durham's Petition for Finding of Good Faith Settlements