IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERI GAIL DURHAM, Individually and as next Friend of MARISA UMA LAMA DURHAM, MINOR ET AL., <br><br>　　　　　Plaintiffs, <br><br>　vs. <br><br>COUNTY OF MAUI, ET AL. <br><br>　　　　　Defendants. <br>_____ | CIV. NO. 08-00342 JMS/LEK <br><br>ORDER AFFIRMING THE MAGISTRATE JUDGE'S APRIL 27, 2010 DISCOVERY ORDER (DOC. NO. 787) |

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S APRIL 27, 2010 DISCOVERY ORDER (DOC. NO. 787)

### I. INTRODUCTION

On May 10, 2010, Plaintiffs Sheri Gail Durham, individually and as next friend of Marisa Durham, and Denise Ann Jenkins, as the Administrator of the Estates of Mark Durham and Jessica Durham, (collectively "Plaintiffs") appeal the discovery order entered on April 27, 2010 (the "April 27 Order") by Magistrate Judge Leslie E. Kobayashi. The April 27 Order ruled that Plaintiffs are entitled to obtain discovery regarding the "subject model vehicle" driven by Mark Durham in the July 26, 2006 accident from which this action arises. Plaintiffs do not dispute the bulk of the April 27 Order, but contend that the Order is clearly erroneous or

contrary to law because it defines "subject model vehicle" as Ford Focus vehicles manufactured on the C-170 platform -- and not, as Plaintiffs contend is appropriate, as simply Ford Focus vehicles manufactured worldwide.

Based on the following, the court AFFIRMS the April 27 Order.

## II. BACKGROUND

### A. Overview Background

This action arises from a July 26, 2006 two-car accident at the intersection of Pulehu Road and Hansen Road in the County of Maui. Mark Durham was driving a 2004 Ford Focus station wagon (the "2004 Focus") with his two minor daughters Jessica and Marisa as passengers. From the police investigation, it appears that Mark Durham failed to heed a stop sign at the intersection with Hansen Road, resulting in an SUV driven by Patty Conte on Hansen Road hitting the 2004 Focus on its left side. Mark Durham passed away as a result of his injuries in the accident. Jessica and Marisa also sustained injuries, and Jessica passed away over two years later.

Plaintiffs assert that the 2004 Focus was defective because it lacked side airbags and its side structure and seat belts in concert with the seats did not reasonably minimize head and chest injuries in side impact collisions involving sport utility vehicles. Plaintiffs contend that Defendant Ford Motor Company

("Ford") knew or should have known of these defects and, as a result, that Ford had a duty to recall or retrofit the 2004 Focus. Second Am. Compl. ¶ 59(E). Plaintiffs claim that Ford breached its duty by "failing to recall [or] retrofit" and that this breach was a proximate cause of and a substantial factor in causing Plaintiffs' injuries. *Id.* ¶¶ 59(E), 60.

**B.   Discovery Dispute Background**

On July 8, 2009, Plaintiffs sent Ford a deposition notice ("Plaintiffs' Deposition Notice") listing seven topics for Ford to designate one or more corporate representatives to address. Doc. No. 692, Ex. B at 8-10. Topics 5, 6, and 7 in Plaintiffs' Deposition Notice all concern information related to "the subject model vehicle" and its safety:

> 5.   The terms of purchase order and/or global terms and conditions between Ford and the component suppliers of the optional side curtain airbag system, the restraint control module and sensing system, the sensors, the driver and back left seat belt, and the driver's and back left seat, for the *subject model vehicle* . . . .
> 6.   The other similar incidents, accidents, claims, lawsuits, and complaints regarding the subject model in side impact collisions where a consumer allegedly sustained a head, leg, or chest injury from an alleged defect in the side structure, seat belt, padding and/or lack of the side airbag system for the *subject model vehicle* . . . .
> 7.   The alternative designs that were considered, but not implemented for the *subject model vehicle* . . . .

3

*Id*. (emphasis added). Notably, Plaintiffs' Deposition Notice does not define "subject model vehicle." Plaintiffs' Deposition Notice does, however, use the distinct term "2004 Ford Focus" -- and not the "subject model vehicle" -- in Topics 2 and 3, which are not at issue on appeal. *Id*. Ex. B at 7.

On January 28, 2010, Plaintiffs filed a Motion to Compel, Doc. No. 692 ("Plaintiffs' Motion to Compel"), contending that Ford failed to produce and adequately prepare its Rule 30(b)(6) designee(s) to testify regarding Topics 5, 6, and 7.[1] In their Motion to Compel, Plaintiffs likewise did not define "subject model vehicle." Plaintiffs apparently contemplated, however, that the term "subject model vehicle" included international versions of the Ford Focus; regarding Topic 5, Plaintiffs argued in their Motion to Compel that the safety systems supplied to Ford "are relevant because Plaintiffs claim that Ford's suppliers provided, and Ford had access to, safer alternative systems that were readily available -- and in some cases were even standard equipment -- on certain versions of the subject vehicle Ford offered to consumers in other countries." Doc. No. 692, Pls.' Mot. to Compel 7.

The Magistrate Judge set a hearing regarding Plaintiffs' Motion to

---

[1] Ford apparently stated that "Ford will not produce a witness to address this category" or "Ford will not be producing a witness to address this category" in response to Topics 5, 6, and 7. Pls.' Mem. in Supp. of Mot. to Compel 3 n.2, Doc. No. 692.

Compel for March 8, 2010. Doc. No. 694. Following notice of scheduling conflicts and disputes between the parties about when the hearing should be scheduled, Doc. Nos. 716, 721, 723, 728, the Magistrate Judge vacated the March 8, 2010 hearing date. Doc. No. 732. In the February 9, 2010 notice vacating the hearing date, the Magistrate Judge notified the parties that the "[c]ourt will rule on the written submissions." *Id*.

On February 16, 2010, Ford filed its Opposition to Plaintiffs' Motion to Compel. Doc. No. 741. In opposition, Ford did not explicitly object to Plaintiffs' use of the term "subject model vehicle" or seek to narrow the term's scope. As a parenthetical aside regarding Topic 6, however, Ford asserted that "the subject model is a 2004 Ford Focus." Doc. No. 741, Ford's Opp'n to Pls.' Mot. to Compel 18. On February 23, 2010, Plaintiffs filed a Reply concerning their Motion to Compel. Doc. No. 749. In the Reply, Plaintiffs argued that "Ford's attempt to narrow the scope [of Topic 6] to the exact year vehicle Mark Durham was driving is also impermissible." Doc. No. 749, Pls.' Reply 13-14. Plaintiffs continued:

> The 2000-2007 Focus, the C170 platform, are similar and, importantly, had no "side impact redesign." Thus, 2000-2007 Focuses are substantially similar, if not identical, to the subject 2004 Focus here. Furthermore, other similar incidents are not only discoverable, they are admissible when they concern the same or even a

substantially similar model.

*Id.* at 14 (citations omitted).

On March 31, 2010, the Magistrate Judge entered an Order (the "March 31 Order") stating, "This court hereby GRANTS [Plaintiffs' Motion to Compel] and ORDERS the parties to appear at a discovery conference on April 12, 2010 at 10:00 AM. regarding the scope and timing of the discovery that will be permitted to be taken by Plaintiffs as to the issues raised in the Motion." Doc. No. 776. On April 12, 2010, over the course of a nearly two-hour discovery conference (the "April 12 discovery conference"), the Magistrate Judge alternately had discussions with the parties and left the bench to allow the parties to meet and confer. Eric Porterfield Decl., June 1, 2010 ("Porterfield Decl.") ¶ 7; Jerold T. Matayoshi Decl., May 24, 2010 ("Matayoshi Decl.") ¶ 4. Although counsel for Ford initially requested that the April 12 discovery conference be recorded, the Magistrate Judge explained that she preferred not to record the conference in order to encourage and facilitate free discussion. Matayoshi Decl. ¶ 3. Neither party objected or raised the recording issue again. *Id.*

Following a meet and confer during the April 12 discovery conference, the parties informed the Magistrate Judge that they could not agree on the definition of "subject model vehicle." Porterfield Decl. ¶ 6; Matayoshi Decl.

6

¶ 4.  The Magistrate Judge and the parties then discussed the term "subject model vehicle."  Matayoshi Decl. ¶ 4.  The Magistrate Judge noted that a reasonable interpretation of the term would ordinarily apply because Plaintiffs' deposition notice did not define "subject model vehicle."  *Id*.  The Magistrate Judge then observed that in pharmaceutical product liability cases, a particular drug is defined by chemical compound or makeup, and not the name by which it is marketed.  *Id*.  Given the parties' inability to agree on a definition, the Magistrate Judge ordered Ford to prepare a draft discovery order and ordered the parties to thereafter meet and confer to discuss Ford's proposal.  *Id*.  In the event the parties still could not agree, the Magistrate Judge advised the parties to submit respective proposed orders to the magistrate court by April 23, 2010.  *Id*.

On April 23, 2010, the parties met and conferred telephonically.  *Id*. ¶ 5; Porterfield Decl. ¶ 8.  The parties failed to agree on a form for the discovery order and, as a result, both parties submitted their respective proposed orders to the Magistrate Judge.  Porterfield Decl. ¶ 8; *see also* Doc. No. 809, Ford's Opp'n Exs. B, C.  In its proposed order, Ford advocated the definition of "subject model vehicle" ultimately adopted by the magistrate court -- that is, Ford Focus vehicles built on the C-170 platform and manufactured in the United States for model years 2000 through 2007 and in Europe for model years 1999 through 2004.  Doc. No.

7

809, Ford's Opp'n Ex. B at 6.[2]  Plaintiffs proposed, on the other hand, that the Magistrate Judge "find[] that the term 'model' includes the Focus worldwide, as Plaintiffs did not limit the term model to a particular platform in their deposition notice."  Doc. No. 809, Ford's Opp'n Ex. C at 7.[3]

On April 27, 2010, the Magistrate Judge entered the April 27 Order. As to Topics 5, 6, and 7, the Magistrate Judge found:

> Plaintiffs are entitled to obtain discovery regarding the term 'subject model vehicle' which the Court finds is defined as the Ford Focus vehicles manufactured in the United States for model years 2000 through 2007, or manufactured in Europe for the model years 1999 through 2004, and were built on the C-170 platform used in the motor vehicle driven by Mark Durham which is the subject of the instant litigation.

Doc. No. 787.  Plaintiffs now contend the Magistrate Judge's definition of "subject model vehicle" was in error.

## C.    Procedural History

On May 10, 2010, Plaintiffs filed their Appeal.  Doc. No. 798.  On May 24, 2010, Ford filed an Opposition.  Doc. No. 809.  On June 4, 2010, Plaintiffs filed a Reply.  Doc. No. 819.  Pursuant to Local Rule ("LR") 7.2(d), the court finds this matter suitable for disposition without a hearing.

---

[2] The court counts the pages of Exhibit B sequentially.

[3] The court counts the pages of Exhibit C sequentially.

### III.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(a), and LR 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge.  Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law."  LR 74.1.

The threshold of the "clearly erroneous" test is high.  *See Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed.") (citation and quotation signals omitted); *Thorp v. Kepoo*, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (stating that the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed") (citation and quotation signals omitted); *accord United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a

mistake has been committed.").

## IV. ANALYSIS

Plaintiffs argue that the Magistrate Judge erred in the April 27 Order by: (1) defining "subject model vehicle" as "subject platform vehicle;" (2) relying on untimely evidence and arguments; (3) considering irrelevant evidence and arguments; and (4) failing to properly notice and record a hearing. The court considers these arguments in turn.

### A.    Definition of "Subject Model Vehicle"

Plaintiffs dispute the April 27 Order's definition of "subject model vehicle." Plaintiffs contend that the April 27 Order's definition limiting "subject model vehicle" to Ford Focus vehicles built on the C-170 platform is clearly erroneous because "model" does not mean "platform." Rather, Plaintiffs argue that "model" is an unambiguous term in the automotive context and denotes brand identifications such as "Mustang," "Explorer," or, in this case, "Focus."[4]

Even if Plaintiffs' broader definition of "subject model vehicle" is intuitive --and it is not so clear to this court that it is -- Plaintiffs do not satisfy the

---

[4] Plaintiffs also emphasize that vehicles sold under the Focus brand, regardless of platform, may be relevant to their claims and that such information is therefore properly discoverable. The question before this court is not, however, what Plaintiffs may have been entitled to request in discovery. Rather, the court examines what Plaintiffs actually requested in order to determine whether the Magistrate Judge's interpretation of Plaintiffs' request was clearly erroneous or contrary to law.

high threshold of the clearly erroneous test. The April 27 Order defines "subject model vehicle" along a reasoned and objective ground, *i.e.*, those vehicles made on the same platform as the vehicle Mark Durham was driving. By defining "subject model vehicle" by platform, the April 27 Order looks at engineering, rather than nomenclature, to determine vehicle similarities. The court does not have a definite and firm conviction that this emphasis on platform is in error.

**B.     Untimeliness**

Plaintiffs contend that Ford's arguments concerning the definition of "subject model vehicle" were untimely and should not have been considered by the Magistrate Judge.

Plaintiffs' untimeliness argument is unpersuasive. Plaintiffs themselves failed to define "subject matter vehicle" in their Deposition Notice or Motion to Compel. When a dispute over the term ultimately arose at the April 12 discovery conference, the Magistrate Judge necessarily sought to determine a definition. The Magistrate Judge was not bound at that time to accept Plaintiffs' previously *unstated* definition of "subject model vehicle." Instead, the Magistrate Judge discussed the term with the parties, ordered the parties to meet and confer, and solicited proposed orders from both sides. Based on this process, the April 27 Order was not clearly erroneous or contrary to law.

### C. Irrelevant Evidence and Arguments

Plaintiffs next contend that Ford introduced irrelevant evidence and arguments by discussing the different platform used by Ford Focus vehicles manufactured in Europe after 2004. To the contrary, such distinctions between Ford's various vehicles are directly relevant to determining the appropriate definition of "subject model vehicle." The April 27 Order was therefore not clearly erroneous or contrary to law for having considered the platform used by Ford Focus vehicles in Europe.

### D. Proper Notice and Record

Finally, Plaintiffs contend that the April 27 Order is clearly erroneous or contrary to law because the April 12 discovery conference required fourteen-days notice and a recording.

Rule 6(c) requires fourteen-days notice of a hearing except "when a court order . . . sets a different time." Here, the March 31 Order set a different time for the April 12 discovery conference -- providing Plaintiffs with twelve-days notice. LR 7.2(b) also allows the court to shorten the time between notice and a hearing *sua sponte*. As a result, Plaintiffs have not shown that they received improper notice.

Plaintiffs also contend that a recording was mandatory pursuant to 28

U.S.C. § 753(b).  For a civil proceeding, however, § 753(b) does not require a recording when "the parties with the approval of the judge shall agree specifically" not to record the proceeding.  Thus, "[a] defendant may waive an objection to the court's failure to comply with § 753(b), either expressly or by acquiescing in the court's procedure." *United States v. Nolan*, 910 F.2d 1553, 1560 (7th Cir. 1990) (citations omitted).  Here, the Magistrate Judge specifically discussed her preference not to record the April 12 discovery conference and Plaintiffs did not object -- signaling their agreement to proceed without a record.  *See United States v. Weiner*, 578 F.2d 757, 789 (9th Cir. 1978) (finding no error in a trial court's failure to record certain proceedings where appellant suffered no prejudice and there was "no explicit request for a court reporter"); *see also United States v. Amico*, 2006 WL 2786833, at *5 (Aug. 25, 2006 W.D.N.Y.) (finding that a party waives its objection to § 753(b) by acquiescing in the court's procedure and collecting supporting cases).

       Further, failure to record is reversible error only if the failure was prejudicial.  *Weiner*, 578 F.2d at 789.  Plaintiffs have not demonstrated prejudice.  Plaintiffs argue that they are prejudiced because Ford suggests on appeal that Plaintiffs agreed to Ford's definition of "subject model vehicle" at the April 12 discovery conference.  Plaintiffs plainly indicated, however, that they disagreed

with Ford's definition in their supplemental filing to the Magistrate Judge predating the April 27 Order. The Magistrate Judge thus had no reason to believe that Plaintiffs agreed with Ford's definition. The April 27 Order also does not suggest that the magistrate court's definition is based on an agreement between the parties. The court therefore finds that Plaintiffs suffered no prejudice.

Accordingly, the court finds that the Magistrate Judge's failure to notice and record the April 12 discovery conference did not render the April 27 Order clearly erroneous or contrary to law.

## V. CONCLUSION

Based on the foregoing, the court AFFIRMS the discovery order entered by Magistrate Judge Kobayashi on April 27, 2010.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 17, 2010.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Durham et al. v. County of Maui et al.*, Civ. No. 08-00342 JMS/LEK, Order Affirming the Magistrate Judge's April 27, 2010 Discovery Order (Doc. No. 787)