IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERI GAIL DURHAM, INDIVIDUALLY AND AS NEXT FRIEND OF JESSICA HALEY DURHAM AND MARISA UMA LAMA DURHAM, BOTH MINORS, AND AS ADMINISTRATOR OF THE ESTATE OF MARK ALLEN DURHAM, DECEASED,<br><br>      Plaintiff,<br><br>  vs.<br><br>COUNTY OF MAUI, ET AL.,<br><br>      Defendants. | CV NO 08-00342 JMS-LEK |

**AMENDED FINDINGS AND RECOMMENDATION TO DENY COUNTERCLAIM DEFENDANT'S PETITION FOR FINDING OF GOOD FAITH SETTLEMENT**

On May 28, 2010, Counterclaim Defendant Denise Ann Jenkins, as the Administrator of the Estate of Mark Allen Durham, deceased ("the Mark Durham Estate"), filed the instant Petition for Finding of Good Faith Settlement ("2010 Petition"). Defendants/Counter claimants Ford Motor Company ("Ford"), Maui Windsurfing Vans, Inc. ("Maui Windsurfing"), and the County of Maui ("the County") each filed a memorandum in opposition to the 2010 Petition on June 28, 2010. On June 29, 2010, the County joined in Maui Windsurfing's memorandum and Ford's memorandum, Ford joined in Maui Windsurfing's memorandum and the County's memorandum, and Maui Windsurfing joined in the County's memorandum and Ford's memorandum. Defendants Hawaii Pacific

Health, Kapiolani Medical Center for Women and Children, and Kapiolani Medical Specialists Kapiolani (collectively "Kapiolani Defendants"), and Defendant Shilpa J. Patel, M.D. ("Defendant Patel"), filed a joinder in Maui Windsurfing's memorandum and the County's memorandum on June 28, 2010, and a joinder in Ford's memorandum on June 29, 2010.  Defendants Byron H. Izuka, M.D., and Byron H. Izuka, M.D., LLC (collectively "Defendant Izuka"), filed a joinder in Maui Windsurfing's memorandum and the County's memorandum on June 28, 2010, and a joinder in Ford's memorandum on June 30, 2010.  Defendants James Y. Sim, M.D., and James Y. Sim, M.D., LLC filed a statement of no position on June 28, 2010.  The Mark Durham Estate filed a consolidated reply on July 1, 2010.

This matter came on for hearing on July 20, 2010. Amanda Weston, Esq., appeared on behalf of the Mark Durham Estate.  Sarah Love, Esq., appeared on behalf of Plaintiffs Sheri Gail Durham, individually and as next friend of Marisa Uma Lama Durham, minor, and Denise Ann Jenkins, as the Administrator of the Estate of Mark Allen Durham, deceased, and as the Administrator of the Estate of Jessica Haley Durham, deceased, (collectively "Plaintiffs").  Moana Lutey, Esq., by telephone, and John-Anderson Meyer, Esq., appeared on behalf of the County, Howard Grant Law, Esq., by telephone, and Jerold Matayoshi, Esq., and Lois Yamaguchi, Esq., appeared on behalf of Ford.

Ann Aratani, Esq., appeared on behalf of Maui Windsurfing. Edquon Lee, Esq., appeared on behalf of the Kapiolani Defendants and Defendant Patel. Jeffrey Portnoy, Esq., appeared on behalf of Defendant Izuka. After careful consideration of the Petition, supporting and opposing memoranda, and the arguments of counsel, this Court HEREBY FINDS AND RECOMMENDS that the Petition be DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural history of this case. The Court therefore will only address the events that are relevant to the instant Petition.

The 2010 Petition is based upon the settlements reached in Texas lawsuits between Jessica Durham[1] and the Mark Durham Estate and Marisa Durham and the Mark Durham Estate ("the Texas Settlements"). These are the same settlements that were the subject of the Mark Durham Estate's Petition for Finding of Good Faith Settlements, filed on March 11, 2009 ("2009 Petition"). On May 29, 2009, this Court issued findings and recommendation to deny the 2009 Petition ("2009 Petition F&R"). On July 16, 2009, the district judge issued an order adopting the 2009 Petition F&R ("2009 Petition Order").

---

[1] The settlement was reached prior to Jessica Durham's death.

The district judge found no error in this Court's application of Haw. Rev. Stat. § 663-15.5 and the application of the analysis set forth in Troyer v. Adams, 102 Haw. 399, 425, 77 P.3d 83, 109 (2003). [2009 Petition Order at 6.] The district judge noted that, in its response to the Mark Durham Estate's objections to the 2009 Petition F&R, the County argued that § 663-15.5 does not apply to the Texas Settlements because they are governed by Texas law. The district judge declined to address this argument because he found that this Court properly weighed the Troyer factors. [Id. at 6 n.3.] The district judge made the following findings:

> The court finds that the circumstances of the settlements were conducive to collusion and injury to the interests of the non-settling tortfeasors. Sheri Durham brought the Texas "friendly suits" on behalf of her daughters and against the Estate, even though Jessica's and Marisa's recoveries from the Estate could have decreased her share in the Estate and even though she was the administrator of the Estate and was representing the Estate in this action. Further, Sheri Durham brought these Texas actions without any notice to Defendants. While the court recognizes that Jessica and Marisa were appointed guardian ad litems in the Texas actions, these circumstances -- *i.e.*, the close familial relationships between the Estate, Jessica, Marisa, and Sheri Durham, the various, potentially conflicting roles Sheri Durham had in both the settlement and this litigation, and the lack of disclosure of the settlements to Defendants -- are certainly conducive to collusion. Considering this factor, along with the factors that Magistrate Judge Kobayashi found weigh against a finding of good faith settlement, the court finds that Defendants carried their burden in proving that the settlement was not reached in good faith.

[Id. at 6-7.] The district judge did not review this Court's findings as to the other Troyer factors because the Mark Durham Estate only objected to this Court's finding that the circumstances of the Texas Settlements were conducive to collusion. [Id. at 7 n.4.]

Other relevant portions of this Court's Troyer analysis included: declining to consider the Texas court's findings concerning the Texas settlements because there was no evidence of what the Texas court considered in making those findings; finding that the Court could not make a realistic approximation of the damages that Plaintiffs' seek, the strength of Plaintiffs' claims, or the Mark Durham Estate's relative degree of fault because the case was in its early stages and the Court had not conducted any settlement conferences; and noting that the Court did not know what other assets may be in the Mark Durham Estate and whether Jessica and Marisa Durham could have recovered more than the settlement amounts. [2009 Petition F&R at 18-19.]

There has been no intervening change in the applicable law since the rulings on the 2009 Petition, and the legal arguments that the parties raise in connection with the 2010 Petition are essentially the same as those raised in connection with the 2009 Petition. The only apparent change in the status of the Texas actions is that Jessica Durham's Settlement Agreement and Release, dated July 16, 2008, was modified in April

2010.  The new settlement agreement deleted Jessica Durham's prior release of Maui Windsurfing.  [Maui Windsurfing Mem. in Opp., Exh. A to Decl. of Ann H. Aratani.]

        Since the decision on the 2009 Petition, Plaintiffs filed their Second Amended Complaint on November 23, 2009.  The Second Amended Complaint added Kapiolani Medical Specialists, Shilpa Patel, M.D., James Sim, M.D., and James Sim, M.D., LLC as defendants, and a wrongful death claim against all defendants, except Defendant Izuka, for the death of Jessica Durham.  Plaintiffs also reached a settlement with Defendant/Counter claimant Patty Conte, releasing all claims against her in exchange for $40,000.00.  On November 17, 2009, this Court issued its findings and recommendation to grant Plaintiffs' petition for a determination that the Conte settlement was in good faith, which the district judge adopted on December 8, 2009.  [Dkt. nos. 497, 550.]  In those findings and recommendation, this Court noted that the case had advanced considerably since the ruling on the 2009 Petition and that the parties had conducted a fair amount of discovery.

        In the instant 2010 Petition, the Mark Durham Estate notes that, since the rulings on the 2009 Petition, it has responded to Ford's written discovery, and Denise Jenkins has been deposed twice.  The Mark Durham Estate argues that "[a]ll available information regarding the assets of the Estate has been

provided." [Mem. in Supp. of Petition at 2-3.] In particular, the Mark Durham Estate points to the Inventory, Appraisement and List of Claims for the Estate of Mark Durham ("Estate Inventory")[2] and states that it has been provided to all parties in the Mark Durham Estate's responses to discovery.

The memoranda in opposition point out that the Estate Inventory states that the Mark Durham Estate owns, as "separate property", fourteen acres of real property located at 817 Blanks Road, in Tioga, Texas ("Tioga Property").  The Tioga Property was valued at $126,327.00 as of September 16, 2008.  Further, the Mark Durham Estate had an interest in "community property" valued at $150,640.00.  This includes a house and lot located at 1705 Aurora Drive, Richardson, Texas ("Richardson Property"), a 2001 Toyota Tundra, and household furnishings and effects.  These were valued, as of September 16, 2008, at: $144,140.00, $5,500.00, and $1,000.00, respectively.  The "community property" also includes stock, but there is no value attributed to the stock.  Further, The claims in the instant case are identified as "claims due or owing to the Estate".  The County points out that the Estate Inventory does not include any tools or equipment, even though Mark Durham was self-employed in home repair and cabinetry.

---

[2] The 2010 Petition refers to the Estate Inventory as Exhibit G, but the Mark Durham Estate apparently inadvertently omitted the exhibit from the 2010 Petition.  The Estate Inventory is attached to the Reply as Exhibit A to the Declaration of Counsel.

Thus, the memoranda in opposition argue that the Mark Durham Estate had significant assets beyond his insurance policies that would have been available to satisfy judgments on Jessica Durham's and Marisa Durham's claims against him.

The County points out that Mark Durham had two motor vehicle insurance policies and that each one had a limit of $50,000.00 per person, $100,000.00 per accident. [County's Mem. in Opp. at 14 (citing Exh. H).] The County argues that this is inconsistent with the Mark Durham Estate's claim that the Texas Settlements were for the maximum policy limits. The Mark Durham Estate responds that this issue was addressed in connection with the 2009 Petition. Under Texas law, family members are limited to recovering a maximum of $20,000 per policy. [Reply at 5 (citing Liberty Mutual Fire Ins. v. Sanford, 879 S.W.2d 9 (Tex. 1994); National County Mutual Fire Ins. Co. v. Johnson, 879 S.W.2d 1 (Tex. 1993)).]

## DISCUSSION

I.  **Reconsideration**

At the outset, this Court notes that the 2010 Petition essentially asks this Court to reconsider its 2009 Petition F&R. Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F.

Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.  None of these grounds exists in the instant case.  Plaintiffs state that the parties have conducted significant discovery since the filing of the 2009 Petition.  Plaintiffs essentially argue that, based on this discovery and other advances in the litigation of this case, this Court should reconsider the 2009 Petition F&R.  The discovery regarding the assets of the Mark Durham Estate, however, does not constitute newly available evidence.  For example, the Estate Inventory gives values of the Tioga Property and the Richardson Property from September 2008.  Thus, that information should have been available to the Mark Durham Estate when it filed the 2009 Petition.

Insofar as the 2010 Petition seeks reconsideration of this Court's 2009 Petition F&R, the request for reconsideration is DENIED.

## II. Troyer Analysis

The Mark Durham Estate does not fair better even if this Court considers the 2010 Petition independently from the 2009 Petition.

Under Troyer v. Adams, a court considering a petition for determination of good faith settlement under Haw. Rev. Stat. § 663-15.5 weighs the following non-exhaustive factors:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

102 Hawai`i 399, 427, 77 P.3d 83, 111 (2003).

This case has advanced considerably since this Court issued the 2009 Petition F&R. This Court is now better able to gauge the realistic approximation of the damages that Plaintiffs seek, the strength of the parties' various claims and their likelihood of success, and the relative degrees of fault. The liability of the Mark Durham Estate is still a hotly contested issue in this case, and it is now known that the amounts of the Texas Settlements are small in comparison to the total damages that Plaintiffs seek. The Court also has more information about the content of the Mark Durham Estate, primarily from the Estate Inventory. This additional information, however, does not make this Court more inclined to find a good faith settlement. It appears that there were additional assets, beyond the automobile insurance policies, that would have been available to satisfy any

judgments in favor of Jessica Durham and Marisa Durham against the Mark Durham Estate. This lends further support to the finding that the circumstances of the Texas Settlements were conducive to collusion and injury to the interests of the other parties to the instant case who were not involved in the Texas Settlements. This Court emphasizes that it does not find that there was collusion, only that the circumstances of Texas Settlements were conducive to collusion.

This Court finds that only the first and fourth Troyer factors, the type of case and difficulty of proof at trial and the predicted litigation expenses, weigh in favor of a finding of good faith settlement. The Court finds that all of the other Troyer factors weigh against a finding of good faith settlement. The Court has not identified any other relevant factors. This Court therefore FINDS that the objecting parties, Ford, the County, and Maui Windsurfing, have met their burden of establishing a lack of good faith in the Texas Settlements. See Haw. Rev. Stat. § 663-15.5(b). The Mark Durham Estate is not entitled to a finding of good faith settlement pursuant to § 663-15.5.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that the Mark Durham Estate's Petition for Finding of Good Faith Settlement, filed May 28, 2010, be DENIED.

  The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. <u>See</u> Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

  IT IS SO FOUND AND RECOMMENDED.

  DATED AT HONOLULU, HAWAII, July 26, 2010.



           /S/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States Magistrate Judge

**<u>SHERI GAIL DURHAM, ETC. V. COUNTY OF MAUI, ET AL</u>; CIVIL NO. 08-00342 JMS-LEK; AMENDED FINDINGS AND RECOMMENDATION TO DENY COUNTERCLAIM DEFENDANT'S PETITION FOR FINDING OF GOOD FAITH SETTLEMENT**