IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERI GAIL DURHAM, INDIVIDUALLY AND AS NEXT OF FRIEND OF MARISA UMA LAMA DURHAM, MINOR ET AL.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF MAUI, ET AL.<br><br>　　　　Defendants.<br>_____ | ) CIV. NO. 08-00342 JMS/LEK<br>)<br>)<br>) ORDER ADOPTING MAGISTRATE<br>) JUDGE KOBAYASHI'S JULY 27,<br>) 2010 FINDINGS AND<br>) RECOMMENDATION TO DENY<br>) COUNTERCLAIM DEFENDANT'S<br>) PETITION FOR FINDING OF GOOD<br>) FAITH SETTLEMENTS<br>)<br>)<br>)<br>) |

**ORDER ADOPTING MAGISTRATE JUDGE KOBAYASHI'S JULY 27, 2010 FINDINGS AND RECOMMENDATION TO DENY COUNTERCLAIM DEFENDANT'S PETITION FOR FINDING OF GOOD FAITH SETTLEMENTS**

**I. INTRODUCTION**

　　This action arises from a July 26, 2006 two-car accident in which Mark Durham and his two daughters, Jessica and Marisa, were injured after Mark Durham allegedly failed to heed a stop sign at the intersection of Pulehu Road and Hansen Road in the County of Maui. Mark Durham passed away as a result of his injuries, and Plaintiffs Sheri Gail Durham ("Sheri Durham"), individually and as next friend of Jessica and Marisa and as the Administrator of the Estate of Mark Allen Durham (the "Estate"), subsequently filed this lawsuit alleging claims

against the County of Maui for roadway defects, Ford Motor Company and Maui Windsurfing Vans, Inc. for product liability, Hawaii Pacific Health, Kapiolani Medical Center for Women and Children, Kapiolani Medical Specialists, Shilpa J. Patel, M.D., James Y. Sim, M.D., James Y. Sim, M.D., LLC, Byron H. Izuka, M.D., and Byron H. Izuka, M.D. LLC for medical malpractice, and Conte for negligence. Neither Jessica nor Marisa filed any claims against the Estate, but Defendants filed counterclaims against the Estate seeking contribution in the event Defendants are found liable to Jessica or Marisa.[1]

Rather than file claims against the Estate, Jessica and Marisa reached settlement agreements releasing the Estate from all claims. Because Jessica and Marisa are minors, Sheri Durham filed "friendly suits" on their behalf in Texas and the court appointed guardian ad litems to protect their interests. The Texas court approved Jessica's settlement on June 16, 2008 and Marisa's settlement on November 3, 2008. Jessica's claims were settled for $60,000, representing the $40,000 policy limit from Mark Durham's auto insurance and the $20,000 policy limit from the insurance on the rented vehicle, while Marisa's claims were settled for the $40,000 policy limit from Mark Durham's auto insurance.

---

[1] On December 25, 2008, Jessica passed away and the court subsequently substituted Plaintiff Denise Ann Jenkins as the Administrator of Jessica's estate in place of Sheri Durham, as next friend of Jessica. Denise Ann Jenkins is now also the Administrator of the Estate.

On March 11, 2009, the Estate filed a Petition for Finding of Good Faith Settlements, which this court denied on July 16, 2009. On May 28, 2010, after the parties conducted discovery regarding the Estate's financial status, the Estate filed another Petition for Finding of Good Faith Settlements. On July 27, 2010, Magistrate Judge Leslie E. Kobayashi filed her Findings and Recommendation to Deny the Estate's Petition for Finding of Good Faith Settlement (the "July 27 F&R"). On August 13, 2010, the Estate filed its Objections to the July 27 F&R, and the County of Maui filed a Response on August 27, 2010. Based on the following, the court finds that no new facts or law affect the previous determinations that the Petition for Good Faith Settlements should be denied, and therefore ADOPTS the July 27 F&R.

## II. **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de

novo *if objection is made*, but not otherwise."). Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

### III. DISCUSSION

As this court has already explained once, *see Durham v. County of Maui*, 2009 WL 2143636 (D. Haw. Jul. 16, 2009), pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5(a), a good faith settlement (1) discharges the settling party of liability for contribution to joint tortfeasors, and (2) reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater[.]" A determination by the court that a settlement was made in good faith bars other joint tortfeasors from any further claims against the settling tortfeasor for contribution or indemnity. *See* HRS § 663-15.5(d).

In *Troyer v. Adams*, 102 Haw. 399, 77 P.3d 83 (2003), the Hawaii

Supreme Court adopted a "totality of the circumstances" approach for determining whether a settlement was made in good faith under HRS § 663-15.5. In adopting this analysis, the Hawaii Supreme Court recognized that HRS § 663-15.5 is intended to encourage settlements and "merely provide[s] the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor." *Id*. at 426, 77 P.3d at 110. In determining whether parties have entered into a good faith settlement, the court may consider the following nonexclusive factors:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Id*. at 427, 77 P.3d at 111. The non-settling defendant opposing the motion has the burden of proof that the settlement agreement was not reached in good faith. HRS § 663-15.5(b).

Similar to the previous F&R on this issue, the July 27 F&R again weighed the *Troyer* factors and found that only the first and fourth factors -- the difficulty of proof at trial and the predicted litigation expenses -- weigh in favor of finding a good faith settlement. Because the July 27 F&R found that the remaining factors weigh against such finding, the July 27 F&R recommends that the court deny the petition.

The Estate argues the July 27 F&R's determinations are in error, but neither the facts when the court denied the Estate's first petition nor the facts now support a finding of good faith settlements in this case.

Specifically, weighing against a finding of good faith settlement are the facts that (1) Plaintiffs are seeking a sizeable damages award in excess of $1 million from Defendants; (2) Plaintiffs may have some success at trial; (3) Mark Durham may have a significant level of fault in causing the accident because evidence suggests that he failed to heed the stop sign and may have recently used marijuana; (4) the Texas settlements are relatively small compared to the sizeable damages Plaintiffs seek; (5) the Estate has assets that could be used for payment of claims; and (6) the circumstances of the settlements were conducive to collusion and injury to the interests of the Defendants given the familial relationship between Sheri Durham, Jessica, and Marisa. Indeed, in the time that

the court last addressed this issue, the new facts only further support a denial of the petition for good faith settlement -- Plaintiffs' claims have (for the most part) survived summary judgment, and discovery has revealed that the Estate has additional assets, including real property valued at $126,327 as of September 16, 2008, and community property valued at $150,640.  Considering all of the *Troyer* factors and the record of this action, the court finds that the Estate is not entitled to a finding of good faith settlement.

In opposition, the Estate argues that pursuant to *Whirlpool Corp. v. CIT Group/Business Credit, Inc.*, 293 F. Supp. 2d 1144 (D. Haw. 2003), the court must find actual collusion, as opposed to mere circumstances conducive to collusion.  Pls.' Obj. 4-5.  *Whirlpool Corp.* applied the standard prior to *Troyer*, and therefore to the extent it conflicts with *Troyer* it is no longer good law.  *See Whirlpool Corp.*, 293 F. Supp. 2d at 1153.  Further, as the court previously explained, the circumstances of the settlements -- *i.e.*, the close familial relationships between the Estate, Jessica, Marisa, and Sheri Durham, the various, potentially conflicting roles Sheri Durham had in both the settlement and this litigation, and the lack of disclosure of the settlements to Defendants -- are conducive to collusion.  The Estate has offered no new arguments or facts to change the court's determination on this factor.

The Estate also argues that factors five, six, and seven weigh in its favor because the settlement need not approximate the settling party's liability, and in this case, "it would not be fair to require that the beneficiaries of Mark Durham's estate, the widow and surviving child, contribute their inheritance to the settlement when they are beneficiaries of the estate and the settlements at issue." Estate Obj. 9. The Estate's argument is not persuasive. Plaintiffs are seeking over $1 million dollars stemming from a car accident that Mark Durham very well may have caused. He may therefore have a considerable degree of fault and his Estate has various assets that could have been used for a settlement. That these assets are effectively already benefitting Durham and Marisa is not a consideration under *Troyer*, and even if the court did consider this fact, it does not outweigh the other factors against finding good faith settlements.

In sum, the court finds that application of the *Troyer* factors supports that the settlements were not made in good faith.

### IV. **CONCLUSION**

Based on the above, the court ADOPTS Magistrate Judge

///

///

///

Kobayashi's July 27, 2010 Findings and Recommendation to Deny the Counterclaim Defendant's Petition for Finding of Good Faith Settlements.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 31, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Durham et al. v. County of Maui et al.*, Civ. No. 08-00342 JMS/LEK, Order Affirming Magistrate Judge Kobayashi's July 27, 2010 Findings and Recommendation to Deny the Counterclaim Defendant's Petition for Finding of Good Faith Settlements