IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHERI GAIL DURHAM, INDIVIDUALLY AND AS NEXT OF FRIEND OF MARISA UMA LAMA DURHAM, MINOR ET AL., | ) ) ) ) ) | CIV. NO. 08-00342 JMS/LEK  ORDER DENYING COUNTERCLAIM DEFENDANT DENISE ANN JENKINS AS THE ADMINISTRATOR OF THE ESTATE OF MARK ALLEN DURHAM'S PETITION FOR PERMISSION TO APPEAL ORDER ADOPTING MAGISTRATE JUDGE KOBAYASHI'S JULY 27, 2010 FINDINGS AND RECOMMENDATION TO DENY COUNTERCLAIM DEFENDANT'S PETITION FOR FINDING OF GOOD FAITH SETTLEMENTS (DOC. NO. 972) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| COUNTY OF MAUI, ET AL. | ) ) | |
| Defendants. | ) ) ) ) ) ) ) | |
| _____ | ) | |

**ORDER DENYING COUNTERCLAIM DEFENDANT DENISE ANN JENKINS AS THE ADMINISTRATOR OF THE ESTATE OF MARK ALLEN DURHAM'S PETITION FOR PERMISSION TO APPEAL ORDER ADOPTING MAGISTRATE JUDGE KOBAYASHI'S JULY 27, 2010 FINDINGS AND RECOMMENDATION TO DENY COUNTERCLAIM DEFENDANT'S PETITION FOR FINDING OF GOOD FAITH SETTLEMENTS (DOC. NO. 972)**

**I. INTRODUCTION**

This action arises from a July 26, 2006 two-car accident in which Mark Durham and his two daughters, Jessica and Marisa, were injured after Mark Durham allegedly failed to heed a stop sign at the intersection of Pulehu Road and Hansen Road in the County of Maui. Mark Durham passed away as a result of his

injuries, and Plaintiffs Sheri Gail Durham ("Sheri Durham"), individually and as next friend of Jessica and Marisa and as the Administrator of the Estate of Mark Allen Durham (the "Estate"), subsequently filed this lawsuit alleging claims against the County of Maui for roadway defects, Ford Motor Company and Maui Windsurfing Vans, Inc. for product liability, Hawaii Pacific Health, Kapiolani Medical Center for Women and Children, Kapiolani Medical Specialists, Shilpa J. Patel, M.D., James Y. Sim, M.D., James Y. Sim, M.D., LLC, Byron H. Izuka, M.D., and Byron H. Izuka, M.D. LLC for medical malpractice, and Patty Conte for negligence.  Neither Jessica nor Marisa filed any claims against the Estate, but Defendants filed counterclaims against the Estate seeking contribution in the event Defendants are found liable to Jessica or Marisa.[1]

        Rather than file claims against the Estate, Jessica and Marisa reached settlement agreements releasing the Estate from all claims.  Because Jessica and Marisa are minors, Sheri Durham filed "friendly suits" on their behalf in Texas and the court appointed guardians ad litem to protect their interests.  The Texas court approved Jessica's settlement on June 16, 2008 and Marisa's settlement on November 3, 2008.  Jessica's claims were settled for $60,000, representing the

---

[1] On December 25, 2008, Jessica passed away and the court subsequently substituted Plaintiff Denise Ann Jenkins as the Administrator of Jessica's estate in place of Sheri Durham, as next friend of Jessica.  Denise Ann Jenkins is now also the Administrator of the Estate.

$40,000 policy limit from Mark Durham's auto insurance and the $20,000 policy limit from the insurance on the rented vehicle, while Marisa's claims were settled for the $40,000 policy limit from Mark Durham's auto insurance.

On March 11, 2009, the Estate filed a Petition for Finding of Good Faith Settlements, which this court denied on July 16, 2009. On May 28, 2010, after the parties conducted discovery regarding the Estate's financial status, the Estate filed another Petition for Finding of Good Faith Settlements. On July 27, 2010, Magistrate Judge Leslie E. Kobayashi filed her Findings and Recommendation to Deny the Estate's Petition for Finding of Good Faith Settlement (the "July 27 F&R"), and the court adopted the July 27 F&R on August 31, 2010 (the "August 31 Order").

Currently before the court is the Estate's Petition for Permission to Appeal the August 31, 2010 Order adopting the July 27 F&R (the "Estate's Petition to Appeal"). The County filed an Opposition on September 30, 2010, which is joined by Maui Windsurfing, Hawaii Pacific Health, Kapiolani Medical Center for Women and Children, Kapiolani Medical Specialists, and Shilpa J. Patel. Based on the following, the court DENIES the Estate's Petition to Appeal.[2]

---

[2] Pursuant to Local Rule 7.2(d), the court finds that it can determine the Estate's Petition to Appeal without a hearing.

## II. **STANDARD OF REVIEW**

The general rule is that an appellate court should not review a district court ruling until after entry of a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). Pursuant to 28 U.S.C. § 1292(b), a litigant may nonetheless bring an immediate appeal of a nondispositive order where the district court and the court of appeals both consent. *See also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025-26 (9th Cir. 1982). The court has discretion to certify an interlocutory order for appeal when (1) the order involves a controlling issue of law; (2) there is substantial ground for differences of opinion as to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

An interlocutory appeal should be granted "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)); *see also Coopers & Lybrand*, 437 U.S. at 475; *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *See Coopers & Lybrand*, 437 U.S. at 475.

## III. **DISCUSSION**

The August 31 Order explained that pursuant to Hawaii Revised Statutes ("HRS") § 663-15.5(a), a finding of good faith settlement (1) discharges the settling party of liability for contribution to joint tortfeasors, and (2) reduces a plaintiff's claims against joint tortfeasors by the "amount stipulated to in the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater[.]" In *Troyer v. Adams*, 102 Haw. 399, 77 P.3d 83 (2003), the Hawaii Supreme Court adopted a "totality of the circumstances" approach for determining whether a settlement was made in good faith under HRS § 663-15.5, and listed the following nonexclusive factors for a court to consider:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

102 Haw. at 427, 77 P.3d at 111.

The August 31 Order agreed with the July 27 F&R's determination that only the first and fourth factors -- the difficulty of proof at trial and the predicted litigation expenses -- weigh in favor of finding a good faith settlement and therefore denied the petition for good faith settlement.  The Estate requests permission to appeal this determination, arguing that the court misapplied the *Troyer* factors.  The Estate fails to address, however, whether the August 31 Order involves a controlling issue of law, whether there is substantial ground for differences of opinion as to the issues raised, or whether an immediate appeal may materially advance the ultimate termination of the litigation.  Because the Estate did not even address, much less apply, the three elements it must meet to receive permission for an interlocutory appeal, the Estate has not carried its burden.

Further, even considering § 1292(b) framework, the court has little difficulty finding that the good faith settlement issue does not raise a substantial ground for difference of opinion.[3]  A party's disagreement with the court's ruling is not sufficient for there to be a "substantial ground for difference."  *See First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D. D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory

---

[3] Because the court finds that there not a substantial ground for difference of opinion on the issue of good faith settlement, the court need not address the other § 1292(b) considerations.

requirements for an interlocutory appeal."). "That settled law might be applied differently does not establish a substantial ground for difference of opinion;" rather, a substantial ground for difference exists where "the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Hawaii law on good faith settlements is well-settled and the court simply applied the facts to the *Troyer* framework. The Estate's disagreement with the court's application of the *Troyer* factors does not raise a substantial ground for difference of opinion.

The court therefore DENIES the Estate's Petition to Appeal.

## IV. <u>CONCLUSION</u>

Based on the above, the court DENIES the Estate's Petition for Permission to Appeal the August 31, 2010 Order adopting the July 27 F&R.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 8, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Durham et al. v. County of Maui et al.*, Civ. No. 08-00342 JMS/LEK, Order Denying Counterclaim Defendant Denise Ann Jenkins as the Administrator of the Estate of Mark Allen Durham's Petition for Permission to Appeal Order Adopting Magistrate Judge Kobayashi's July 27, 2010 Findings and Recommendation to Deny Counterclaim Defendant's Petition for Finding of Good Faith Settlements (Doc. No. 972)